1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN WILLIAMS SMITH,

                    Petitioner,

         v.

WARDEN FELKNER, *et al.*,

                   Respondents.

CASE NO. 2:07-cv-0778 RSM

ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS

      This matter comes before the Court on petitioner's amended petition for a writ of habeas corpus (Dkt. #20).  Petitioner is confined to a prison term of 40 years to life pursuant to the judgment of the California Superior Court for the County of Sacramento.  A jury found petitioner guilty of second degree murder and found the special allegation that he intentionally and personally discharged a firearm to be true.  Petitioner contends that he is in custody in violation of the Constitution of the United States because the trial court's exclusion of evidence stripped him of his right to have a meaningful opportunity to present a defense and because the prosecutor committed misconduct.  The Court denies the petition because the trial court's evidentiary rulings were not contrary to or an unreasonable application of United States Supreme Court precedent and petitioner's prosecutorial misconduct claim is barred by an independent and adequate state procedural rule.

ORDER
PAGE - 1

# I. BACKGROUND

The facts underlying petitioner's conviction are laid out in detail in the opinion of the California Court of Appeal denying petitioner's claims on direct appeal. People v. Smith, 2005 WL 2436425 (Cal. App. 2005). Petitioner and the victim, Nancy Jenkins-Smith, divorced in 1995 but reunited off and on after that, periodically living together for some time and then splitting up again. Petitioner moved in with Jenkins-Smith in 2000, and moved out at Jenkins-Smith's request in late February or early March 2001. Petitioner met Jenkins-Smith in the driveway of Jenkins-Smith's daughter's old apartment on April 21, 2001. The two engaged in an argument when Jenkins-Smith found out that petitioner had her gun. The argument ended when petitioner shot Jenkins-Smith in the back of the head. According to the petitioner, the shooting was an accident. According to the jury's verdict and the prosecution's evidence, it was second degree murder.

Several days after Jenkins-Smith was shot, while officials were still investigating the killing, petitioner made a telephone call to Detective Kaye of the Sacramento Police Department. He left a voice mail message in which he described the argument he had with Jenkins-Smith regarding her gun and stated that "the gun went off" and that it was generally an accident. He said he did not want to "go to jail for no accident" and hung up. Later, on May 17, 2001, after petitioner was arrested, he waived his Miranda rights and was interviewed by Detective Kaye on video. During the interview, petitioner stated that the shooting was an accident and acted out how it occurred.

Petitioner attempted to admit the voice mail message and the interview videotape at trial. The trial court excluded the evidence under the California evidence rules as inadmissible hearsay. Petitioner contends this was error.

It was revealed at trial that Petitioner had Jenkins-Smith's gun on April 21 because he was planning to use it to commit a robbery. It was also revealed that petitioner had three prior convictions including convictions for robbery. Petitioner contends the prosecutor misused this evidence in cross examination and closing argument to impugn petitioner's general moral

character and urge the jury to conclude that because petitioner was a robber, he was prepared to kill.

Petitioner brought these claims to the California Court of Appeal on direct appeal.  The court held that the trial court's evidentiary rulings regarding petitioner's prior consistent statements to Detective Kaye were correct and not an abuse of discretion.  Additionally, the court held that petitioner was procedurally barred from bringing his prosecutorial misconduct claim on appeal because petitioner failed to request an admonition.  The California Supreme Court denied petitioner's petition for review.  The Sacramento County Superior Court denied petitioner's state habeas petition, and petitioner did not file a habeas petition in the California Supreme Court.

## II.  DISCUSSION

### A. Prior Consistent Statements

Petitioner contends his prior consistent statements should have been admitted because (1) they were relevant for non-hearsay purposes, (2) they were admissible under California Evidence Code 356 to give context and meaning to other evidence on the same subject, and (3) they were admissible under California Evidence Code 1236, which provides an exception to the hearsay rule for prior consistent statements made before the motive for fabrication has arisen.  He also contends that the court's rulings denied him a meaningful opportunity to present a defense in violation of his Sixth and Fourteenth Amendment rights.  See Crane v. Kentucky, 476 U.S. 683, 690 (1986).  The California Court of Appeal addressed all these arguments and held that the trial court made the correct rulings under California's Evidence Code.  Smith, 2005 WL 2436425 at *7-11.  It further held that no constitutional rights were violated because the ordinarily rules of evidence generally do not infringe a defendant's opportunity to put on a defense.

As a federal court on federal habeas review, this Court cannot quarrel with a state court's interpretation of its own state laws.  Bonin v. Calderon, 59 F.3d 815, 841 (9th Cir. 1995).  As the Ninth Circuit has stated, "We are not a supreme court of errors; we do not

review questions of state evidence law.  On federal habeas, we may only consider whether the petitioner's conviction violated constitutional norms."  <u>Jammal v. Van de Kamp</u>, 926 F.2d 918, 919 (9th Cir. 1991).  Essentially, petitioner is asking this Court to hold that the ordinary and proper application of the California Evidence Code violated his constitutional right to put on a defense.  Of course it did not, and petitioner's claim is denied.  <u>See Crane</u>, 476 U.S. at 690 ("[W]e have never questioned the power of States to exclude evidence through the application of evidentiary rules that themselves serve the interests of fairness and reliability – even if the defendant would prefer to see that evidence admitted.").

**B. Prosecutorial Misconduct**

Petitioner contends that the prosecutor misused evidence of his past criminal convictions and his admitted intent to commit a robbery to attack his general moral character and improperly establish intent to kill.  He argues this was misconduct because the trial court admitted petitioner's convictions for the sole purpose of judging credibility, not for character purposes.  He further argues that the prosecutor impermissibly argued to the jury that petitioner's intent to commit a robbery implied he also had an intent to kill.  Although petitioner does not say so explicitly, he seems to contend that the prosecutor's alleged misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process.  <u>See Darden v. Wainwright</u>, 477 U.S. 168, 181 (1986).

The California Court of Appeal never reached the question of whether the prosecutor's cross examination or closing argument rendered petitioner's trial fundamentally unfair.  Instead the court held that the argument was not preserved on appeal because, even though petitioner objected to several instances of the alleged misconduct, petitioner did not request an admonition to the jury.

On federal habeas review, the district court may not review an alleged violation of federal law if the state court's decision rested on independent and adequate state law grounds.  <u>Coleman v. Thompson</u>, 501 U.S. 729 (1991).  As the Supreme Court explained:

ORDER
PAGE - 4

> In all cases in which a state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750.  Petitioner does not contend that California's contemporaneous objection rule is not independent and adequate; indeed the Ninth Circuit has implicitly held that it is.  Rich v. Calderon, 187 F.3d 1064, 1070 (1999); Bonin, 59 F.3d at 842.  Plaintiff has not established cause for failing to request an admonition or that a fundamental miscarriage of justice will result from not reviewing his claim.  Accordingly, his claim is denied.

## III. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2254 cases, as recently amended, states that the district court must issue or deny a certificate of appealability ("COA") at the same time it enters a final order adverse to the applicant.  Under 28 U.S.C. §2253, a petitioner is entitled to a COA where he has made "a substantial showing of the denial of a constitutional right." Petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part."  Miller-El, 537 U.S. at 338 (internal quotations omitted). However, a petitioner need not prove that some jurists would grant the petition, as a claim may be debatable "even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."  Id.

Applying this standard, the Court declines to issue a certificate of appealability.

ORDER
PAGE - 5

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1)  The Petition for Writ of Habeas Corpus (Dkt. #20) is DENIED.

(2)  A Certificate of Appealability is DENIED.

(3)  The Clerk is directed to forward a copy of this Order to all counsel of record.

(4)  The Clerk shall close this case.


DATED this 17 day of February, 2010.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 6